UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRANDON TAYLOR,

    Plaintiff,

v.                                                                                                    07-CV-3132

ROGER E. WALKER, JR.,
et al.,

    Defendants.

### Order Granting Summary Judgment

In its merit review, the court dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the plaintiff's procedural due process claims arising from events which culminated in the plaintiff losing one year of good time credits.

*"Amended Complaint"*

The plaintiff filed what he titled an "Amended Complaint," which was docketed as a motion to file an amended complaint (d/e 17). The filing is actually a motion to reconsider the court's dismissal of the plaintiff's procedural due process claims. The plaintiff asserts that malicious prosecution caused his wrongful incarceration. He contends that the loss of good time was only the result of the defendants' wrongful conduct and therefore do not preclude this suit for damages.

However, as the court stated earlier, "[i]f Plaintiff succeeds on his procedural due process challenges, then, arguably, his good time should be restored. His procedural due process challenges are necessarily challenges to the length of his sentence, even though he also seeks damages and suffered other punishments, too, including one year's segregation in a maximum security facility." In other words, if the plaintiff proved his case, he should get out of prison earlier. Thus, the claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In contrast, the claims about being beaten and subjected to bodily fluid cocktails are separate from the plaintiff's alleged wrongful incarceration. That is, if the plaintiff proved that guards beat him without cause, he would win that claim, but winning would not mean that he should get out of prison sooner. The court understands that the beating would not have occurred but for the plaintiff's alleged wrongful incarceration, but that is not how the claim is analyzed under *Heck*.

Accordingly, the plaintiff's "Amended Complaint" is construed as a motion to reconsider the court dismissal of the plaintiff's procedural due process claims and is denied.

*Motion for Summary Judgment*

Eighth Amendment and First Amendment (retaliation) claims against Defendants Pierce (Warden) and Hastings (Counselor) remain, based on Plaintiff's experience in segregation at Pontiac Correctional Center. Specifically, Plaintiff alleges that guards beat him while in segregation and that feces and urine "cocktails" were hurled upon him. He stated at the merit review hearing that Defendant Hastings arranged for this in retaliation for Plaintiff's complaints about his illegal segregation. Plaintiff also claims that guards beat him on Hasting's orders.

Hastings and Pierce move for summary judgment, in part on the grounds that the plaintiff failed to exhaust these claims against them. The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez v. Wisconsin Dept of Corrections*, 182 F.3d 532, 535-38 (7th Cir. 1999). Exhaustion means properly and timely taking each step in the administrative process established by state procedures. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002)(failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars section 1983 suit). Failure to follow the procedures through to their conclusion, including timely appealing a grievance denial to the ARB, bars a suit under 42 U.S.C. § 1983.

The plaintiff does not dispute that he failed to exhaust his administrative remedies with regard to his remaining claims. He argues again that the court improperly dismissed the major part of his case–the "'intended' initial matters–which regard his wrongful imprisonment. (d/e 26, p. 12). He states that he "has exhausted all administrative remedies on the 'initial' matters of the Complaint, though only the Constitutional rights violations committed by the defendant's [sic], Pierce, and Hastings, were selected by this Honorable Court to be addressed, though these action's [sic] took place after the fact of the 'initial' matter." (d/e 25, p.1). Exhaustion on his wrongful imprisonment, however, does not exhaust to incidents that happened to him later (such as the alleged beating and having feces thrown on him). The plaintiff contends that these things would never have happened if he had not been wrongfully imprisoned, but that does not relieve him of his obligation to exhaust administrative remedies. The plaintiff now asserts, for the first time, that he did not file grievances because he was afraid: the plaintiff alleges that Hastings somehow learned of the plaintiff's prior grievances and had him beat "more savagely than before" and threatened. First, this allegation comes too late, and the plaintiff has no evidence of any beating or threats besides this late allegation. Second, fear does not excuse the plaintiff's obligation to exhaust his administrative remedies. If the plaintiff feared that he would be beaten if he filed grievances to Hastings, he could have filed an emergency grievance directly to the Warden and then appealed it to the ARB if it was denied.

In sum, the plaintiff failed to exhaust his administrative remedies on his remaining claims. Accordingly, this case must be dismissed for failure to exhaust administrative remedies. The defendants other arguments need not be addressed.

IT IS THEREFORE ORDERED:

    1) The plaintiff's motion for leave (d/e 17), construed as a motion to reconsider, is denied.

    2) The defendants' motion for summary judgment is granted (d/e 20).  This case is dismissed without prejudice for failure to exhaust administrative remedies.

    3)  If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

    Entered this 11th Day of March, 2009.

                                        **s\Harold A. Baker**

                                  HAROLD A. BAKER
                            UNITED STATES DISTRICT JUDGE